NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMAD TOUSI, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   16-71712 <br><br> Agency No. A095-443-634 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2019[**]
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and BATAILLON,[***]
District Judge.

Mohammad Tousi, a native of Iran and a naturalized citizen of the

Netherlands, petitions for review of a decision of the Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

("BIA").  The BIA denied Tousi's motion to reopen and dismissed his appeal from the order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

1.	Tousi was not denied due process in the proceedings before the IJ.  *See Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc) (noting that the Fifth Amendment guarantees a "full and fair hearing" in deportation proceedings).  He testified in detail over several days about the events that served as the foundation of his claims for relief, presented documents in support of his claims, and responded to repeated clarifying questions from the IJ.  *See id*. ("A vital hallmark of a full and fair hearing is the opportunity to present evidence and testimony on one's behalf.").  We lack jurisdiction to address Tousi's claims that the IJ did not allow him to present a priest as a witness and did not give him an opportunity to discuss how he helped the government because they were not presented below.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

2.	A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1).  The BIA did not abuse its discretion in denying Tousi's motion to reopen for ineffective assistance of counsel.  *See Mohammed v. Gonzales*, 400 F.3d 785, 791

2

(9th Cir. 2005) (noting standard of review). Tousi failed to explain why he neither raised this argument in his 2010 direct appeal to the BIA nor complied with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). The BIA also did not abuse its discretion by denying Tousi's motion to reopen based on new evidence. Tousi's motion only claimed that one of the four purportedly new pieces of evidence was unavailable previously. And, Tousi never explained how this evidence was material to his claim that Iranian spies in the Netherlands were targeting him.

3.     The IJ erred in determining that she could not receive additional evidence during the remand proceedings, *see Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010), but this error was harmless, because the BIA considered the additional evidence proffered by Tousi and correctly found that it did not support reopening, *see Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998) ("Any error committed by the IJ thus may be rendered harmless by the BIA's application of the correct legal standard.") (internal quotation marks and citations omitted). The BIA did not thereby engage in improper factfinding, as it was required to make that determination. *See* 8 C.F.R. § 1003.2(c)(1).

**PETITION FOR REVIEW DENIED.**